UNITED STATES v. DEBS et al.

(Circuit Court, N. D. Illinois. July 14, 1894.)

CONSPIRACY—INTERSTATE COMMERCE—STRIKE.

Where two or more men wrongfully and corruptly agree among themselves, either for the purpose of creating sympathy in a threatened strike, or for any other purpose, to cause trains carrying mail or interstate commerce to be stopped, or to discharge their employés or refuse to employ new men, so as to stop such trains, they are guilty of conspiracy.

Supplemental charge to grand jury. For original charge, see 62 Fed. 828.

GROSSCUP, District Judge (orally charging jury). I think it my duty to give you further instructions. No man is above the law. The line of criminality or innocence is not drawn between classes, but only between men who violate the law and men who do not. The fact that a man may occupy a high position does not exempt him from indictment and trial simply because he does occupy a high position. The fact that a man may occupy a lower position does not exempt him from making known his grievances to you, simply because he may occupy such a position. Your door, therefore, ought to be open to all inquiry coming from every source that is founded on something more than mere rumor or conjecture; in other words, on something that has tangible form. It is stated in public print that some of our fellow citizens believe that the interruption of the mails and of interstate commerce, into which you are inquiring, was the result of a conspiracy upon the part of men higher in the railroads than the employés. If two or more men, no matter what their position in the railroad company may have been, wrongfully and corruptly agreed among themselves, either for the purpose of creating public sympathy in a threatened strike, or for any other purpose, that they would cause the mail trains and trains carrying interstate commerce to be stopped, and did acts in pursuance of that agreement, they are guilty of conspiracy. If two or more men agreed wrongfully and corruptly among themselves that, for the purpose of creating public sympathy in this strike, they would discharge men from their employ who otherwise would not have been discharged, intending that such discharge should stop the running of the mail or interstate commerce trains, and thereby raise public indignation, they would be guilty of conspiracy. If two or more men, in view of a threatened strike, agreed wrongfully and corruptly that they would not employ men to take the places of the men who had quitted the service, but would allow the trains to stand still for the sake, merely, of creating public sympathy or indignation against the strikers, they would be guilty of conspiracy, unless the circumstances and situation were such that the employment of new men, reasonably viewed, would lead to danger to those men, or danger to the railroad property, or danger to any public interest. As I said, every man is entitled to bring a complaint of any one of these charges to your attention, if he brings it with tangible evidence,—something that

is not mere hearsay, or rumor, but something upon which you can place your judgment; and it is the duty of the district attorney to submit it to you, and of the members of the grand jury to hear it. If there is anything of that kind to be submitted to you, I trust it will be so submitted in your sessions, either during the balance of the day, or when you return next week. That is all I wish to say to you.